UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SONIA K. JOHNSON WILLIAMS,

          Plaintiff,

   v.

                              Case No. 21-cv-1047-pp

901 COUNTY COURTHOUSE STAFF,
OVERSEER JOHN BARRETT,
CHIEF JUDGE OVERSEER,
and SHERIFF CAPTAIN,

          Defendant.

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION (DKT. NO. 1) AND DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

On September 9, 2021, the plaintiff—representing herself—filed a civil complaint. Dkt. No. 1. The complaint asserts that the plaintiff is bringing her claim under both federal question jurisdiction, 28 U.S.C. §1331, and diversity jurisdiction, 28 U.S.C. §1332. Id. at 4. The court will dismiss the plaintiff's case because it does not have subject matter jurisdiction. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will deny that motion as moot.

**I.    Screening**

The court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1

such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. § 1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal constitution— this is called "federal question" jurisdiction. 28 U.S.C. § 1331.

For diversity jurisdiction, the parties must be completely diverse, meaning no plaintiff is a resident of the same state as any defendant. Page v. Democratic Nat'l Comm., 2 F.4th 630, 636 (7th Cir. 2021). The plaintiff is a citizen of Wisconsin. Dkt. No. 1 at 1. She has sued the "901 COUNTY COURTHOUSE STAFF." Dkt. No. 1 at 1. She specifically mentions "901 Courthouse Milwaukee Wisconsin Judicial Branch" in her complaint. Id. at 3. The court assumes that the plaintiff is trying to sue staff of the Milwaukee

2

Case 2:21-cv-01047-PP   Filed 10/12/21   Page 2 of 4   Document 3

County Circuit Court, located in the Milwaukee County Courthouse at 901 North 9th Street in Milwaukee. The plaintiff also sued John Barrett, the Clerk of the Milwaukee County Circuit Court, and Mary Triggiano, Chief Judge of the Milwaukee County Circuit Court—both Wisconsin residents. Id. at 1. The plaintiff has not asked for any amount in damages. Because all the parties—the plaintiff and everyone she is suing—are Wisconsin residents, there is no diversity of citizenship and the plaintiff has not alleged that the amount in controversy exceeds $75,000. The court does not have diversity jurisdiction.

The complaint does not identify a federal law or a provision of the federal Constitution that the plaintiff asserts the defendants violated. She asserts that "someone insulted the United States of the America 'Flag.'" Dkt. No. 1 at 2. She says that the Constitution will not stand for discrimination or prejudice, and says that the American people need to be notified "due to a 'noose' hanging on the USA flag, etc." Id. While the complaint is difficult to read in places, the plaintiff mentions the 4th floor "inside 901 Milwaukee Wisconsin." Id. at 3. Nowhere in the complaint does the plaintiff identify conduct by the defendants for which she is stating a claim. The plaintiff does not allege a federal claim against the defendants, so the court does not have federal question jurisdiction.

The court cannot tell who the plaintiff believes put a "noose" on the flag or where she saw this. The court is not aware of any federal law or constitutional provision that gives a private citizen a right of action when she

3

sees something offensive, even if she sees that offensive thing in a county courthouse. It does not appear that the court has federal question jurisdiction.

Without either diversity or a federal question, the court does not have jurisdiction and will dismiss the case for that reason.

## II. Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Because the court is dismissing the plaintiff's case, the plaintiff's motion to proceed without prepaying the filing fee is moot.

## III. Conclusion

The court **ORDERS** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. Dkt. No. 1. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 12th day of October, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:21-cv-01047-PP   Filed 10/12/21   Page 4 of 4   Document 3